UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL C. RUSSELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-93-KAC-JEM |
| CAMPBELL COUNTY SHERIFF DEPARTMENT, FAST ACCESS MEDICAL, RAY CLAIBORNE, MATT BOLTON, ANGIE WILLIAMS, KAYLA STRATMAN, and KATHY WILSON, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pro se prisoner incarcerated in the Campbell County Jail, filed (1) a complaint under 42 U.S.C. § 1983 [Doc. 2], (2) motion for leave to proceed *in forma pauperis* [Doc. 1] and Inmate Trust Account records [Doc. 6], and (3) a liberally-construed motion for appointment of counsel [Doc. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], **DENIES** his motion for appointment of counsel [Doc. 7], **DISMISSES** certain claims and Defendants, and **ORDERS** Plaintiff to file an amended complaint if he wishes to proceed with other claims.

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's Inmate Trust Account records [Doc. 6] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** his motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint counsel for him [Doc. 7]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But "[a]ppointment of counsel in a civil case is not a constitutional right;" instead, it is a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exists based on the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*. at 606; *see also Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606). Plaintiff has not provided the Court with any explanation why the appointment of counsel is appropriate in this case. Plaintiff's claims do not appear legally or factually complex, and Plaintiff's filings

2

demonstrate that he is capable of litigating this action. Accordingly, Plaintiff has not demonstrated any exceptional circumstances warranting the appointment of counsel at this time. Therefore, the Court **DENIES** Plaintiff's Motion [Doc. 7].

### III. COMPLAINT SCREENING

#### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

3

## B. Plaintiff's Allegations

In April 2023, Plaintiff was housed in "J-18 Max" in the Campbell County Jail ("Jail") [Doc. 2 at 4-5]. He remained housed there in a single-man cell "without incident" until approximately 3 p.m. on May 23, 2023, when he was out of his cell and four inmates started beating him until he was almost unconscious [*Id*. at 4]. The four inmates "had their doors opened due to the officers not doing security checks like they are supposed to every hour on the hour" [*Id*.].

After the attack, Plaintiff went back to his cell, but no officer "came in" [*Id*.]. Plaintiff "constantly asked" Correction Officer ("CO") Matt Bolton and CO Ray Claiborne for medical attention after the incident, but he did not receive "any help" until nearly eight (8) hours later when Officers Ellison and Kidwell "came to [Plaintiff's] cell because [he] was losing consciousness and blacking out" [*Id*.]. Plaintiff's blood pressure was 48/10 when he was loaded into the ambulance, and he received four units of blood and two units of plasma on a subsequent "life-starr[1]" flight [*Id*.]. Plaintiff sustained serious injuries [*Id*.]. He was treated and released to the Jail, but he returned to the hospital on May 26, 2023 to treat a collapsed lung and blood loss [*Id*.].

Plaintiff contends that his injuries could have been prevented "if the county officers would have done security checks" [*Id*.]. And Plaintiff now believes the officers and the District Attorney are "profiling" him because he is indicted on the "same charge over and over" when one case gets dismissed [*Id*.]. Plaintiff believes the profiling extends to his phone calls, "as other people on [the] same charges call their girlfriends" [*Id*.]. Aggrieved, Plaintiff filed a Complaint for all present and future medical costs and $25 million "plus costs" in damages against COs Ray Claiborne, Matt

---

[1] The Court presumes, without deciding, that this is a reference to UT LIFESTAR, an emergency medical helicopter service. *See* The University of Tennessee Medical Center, *About UT LIFESTAR*, https://www.utmedicalcenter.org/centers-of-excellence/emergency-trauma-center/ut-lifestar/about-ut-lifestar.

Bolton, Angie Williams, and Kathy Wilson; Fast Access Nurse Kayla Stratman; the Campbell County Sheriff's Department; and Fast Access Medical [*Id.* at 1, 3, 5].

C. Analysis

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

1. **Defendants Dismissed**

Neither the Campbell County Sheriff's Department nor Fast Access Medical are suable entities because they are not "persons" within the meaning of Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))); *Bumpas v. Matthew Nixon*, No. 3:08-0977, 2009 WL 3048562, at *4 (M.D. Tenn. Sept. 17, 2009) ("A hospital is not a 'person' within the meaning of § 1983[.]"). Accordingly, the Court **DISMISSES** Defendants Campbell County Sheriff's Department and Fast Access Medical.

Additionally, the Complaint contains no factual allegations against Angie Williams, Kathy Wilson, or Kayla Stratman. And to state a claim against an individual, Plaintiff must adequately plead that the particular Defendant, through his or her own actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Thus,

Plaintiff has not stated a claim against Defendants Angie Williams, Kathy Wilson, or Kayla Stratman[2], and the Court **DISMISSES** these Defendants.

### 2. Claims Dismissed

Plaintiff does not name the District Attorney as a Defendant, but he alleges that the District Attorney is "profiling" him by indicting him repeatedly [Doc. 2 at 4]. Even if Plaintiff named the District Attorney as a Defendant, Plaintiff may not maintain suit against a prosecuting attorney for acting with the scope of his or her job duties. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding a state prosecuting attorney acting within the scope of his "duties in initiating and pursuing a criminal prosecution" is not amenable to suit under Section 1983). Accordingly, the Court **DISMISSES** any claim related to the District Attorney allegedly profiling Plaintiff by simply indicting him.

Plaintiff also complains that law enforcement and the District Attorney profile Plaintiff over his "phone calls[,] as other people on [the] same charges call their girlfriends" [Doc. 2 at 4]. Although this allegation is unclear, the Court liberally construes it as an allegation that Plaintiff's telephone access is being infringed. Plaintiff, however, does not "have a right to unlimited telephone calls." *See Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). Instead, "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id*. (internal punctuation and citations omitted). Plaintiff has not

---

[2] Plaintiff has also not alleged any facts suggesting that Kayla Stratman, a nurse at Fast Access Medical, is a "state actor" under Section 1983. *See Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021) (providing "private parties do not automatically become 'state' actors simply by caring for prisoners").

alleged any facts that would allow the Court to plausibly infer that any limitation placed on his telephone usage is unreasonable. Nor do Plaintiff's telephone allegations give rise to an equal protection claim. "[C]onclusory allegations of unconstitutional conduct," such an unequal treatment, are insufficient to state an equal protection claim. *See Mosley v. Batts*, No. 19-5355, 2019 WL 8399882, at *2 (6th Cir. Nov. 19, 2019) (quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). And Plaintiff does not provide any factual basis for the Court to infer that the other prisoners who are allowed to call their girlfriend are similarly-situated to Plaintiff in all material respects. *See Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 650 (6th Cir. 2015). Accordingly, the Court **DISMISSES** any claim related to Plaintiff's telephone restrictions.

### 3. Claims to Amend

The Court concludes that Plaintiff should be given an opportunity to amend his complaint to provide relevant facts that may set forth a viable claim that one or more Defendants denied him constitutionally adequate medical treatment and/or failed to protect him from harm in violation of the Constitution. For instance, Plaintiff alleges that Defendants Matt Bolton and Ray Claiborne denied him medical treatment for over eight (8) hours, but his Complaint is inconsistent regarding whether he was attacked by other inmates on April 23 or May 23, 2023 [*See* Doc. 2 at 4]. And Plaintiff does not set forth any facts describing how, when, or where he requested medical care; whether his injuries were visible; and whether any Defendant responded to his request. Also, Plaintiff maintains that he was injured because officers failed to perform security checks [*Id.*]. But Plaintiff has not identified any officer who should have, but failed to, perform a security check before or during Plaintiff's alleged assault.

Accordingly, the Court **ORDERS** Plaintiff **to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional right to adequate**

7

**medical treatment and/or right to protection from harm were violated and the party/parties responsible within twenty-one (21) days of entry of this Order**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Court **NOTIFIES** Plaintiff that this new amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** include all of Plaintiff's permissible allegations and not refer to any previously filed allegations, motions, or pleadings.

Plaintiff should avoid legal citations or legal arguments in his amended complaint. He should focus on clearly and succinctly setting forth the facts (the who, what, where, when, and why) of his claims. To assist the Court in screening his amended complaint, Plaintiff should also identify whether he was a pretrial detainee or a convicted inmate at the time the relevant events occurred. **The Court will only address the merits of Plaintiff's claims that relate to his original allegations.** Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint. The Court will **DISMISS** any such claims. If Plaintiff does not file an amended complaint by the deadline, the Court will **DISMISS** his original Complaint for failure to prosecute and comply with an order of the Court. *See* Fed. R. Civ. P. 41(b); E.D. Tenn. L.R. 83.13.

The Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to further amend or supplement the complaint and/or motions filed before the Court has completed this screening.

IV.     **CONCLUSION**

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DENIED** Plaintiff's motion to appoint counsel [Doc. 7];

6. The Court **DISMISSED** Defendants Campbell County Sheriff's Department, Fast Access Medical, Angie Williams, Kathy Wilson, and Kayla Stratman;

7. The Court **DISMISSED** any claims related to Plaintiff's allegations regarding profiling by indictment or telephone restrictions; and

8. The Court **ORDERED** Plaintiff to file an amended complaint as set forth above if he wishes to proceed with any remaining claim he may be able to state.

The Court **DIRECTS** the Clerk to send Plaintiff a Section 1983 complaint form to assist him with filing any amended complaint. Finally, the Court **ORDERS** Plaintiff to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. **Failure to provide a correct address to this Court within fourteen (14) days of any change in address will result in the dismissal of this action.**

SO ORDERED.

ENTER:

          /s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge