UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL C. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:   3:24-CV-93-KAC-JEM |
| | ) |
| RAY CLAIBORNE, MATT BOLTON, | ) |
| KATIE WILSON, KAYLA STRATMAN, | ) |
| and ANGIE WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Michael C. Russell, a prisoner proceeding pro se and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983 that is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the below reasons, Plaintiff's denial-of-medical-care claims against Defendants Claiborne, Bolton, Stratman, and Williams in their individual capacities may proceed.  But the Court dismisses all other claims.

**I.      SCREENING STANDARD**

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive initial PLRA review, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ALLEGATIONS OF AMENDED COMPLAINT[1]

On April 23, 2023, Officers Ray Claiborne and Matt Bolton failed to perform security checks on the cell doors at the Campbell County Jail, thus "allowing inmates to beat [Plaintiff] unconscious" [Doc. 9 at 3-4]. "Upon going back to [his] cell" after the incident, Plaintiff asked Officers Bolton, Claiborne, Angie Williams and Nurse Kayla Stratman for medical treatment but was denied [*Id.* at 4]. Plaintiff "nearly died and had to be life-starred 8 hours later" when a different shift of officers found him [*Id.*]. Plaintiff states these events occurred on April 24, 2023, and April 26, 2023, with him "having to be hospitalized and f[u]rlou[gh]ed out of jail" in "both instances" [*Id.*]. Plaintiff believes he was "denied medical treatment based on color, sex, or nationality[,] as the[re] is no other excuse for [his] treatment" [*Id.*]. He filed this action seeking monetary damages [*Id.* at 5].

---

[1] The Court previously and *sua sponte* gave Plaintiff leave to file an amended complaint after identifying significant deficiencies in his original complaint [*See* Doc. 8]. The Court ordered Plaintiff "**to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional right to adequate medical treatment and/or right to protection from harm were violated and the party/parties responsible**" [Doc. 8 at 7-8]. The Court warned Plaintiff "that this new amended complaint will be the sole operative complaint that the Court considers, and therefore, it must include all of Plaintiff's permissible allegations and not refer to any previously filed allegations, motions, or pleadings" [*Id.* at 8]. Therefore, the Court reviews only Plaintiff's Amended Complaint.

2

### III.     ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.

#### A.     Plaintiff Claims Against Defendant Wilson

Katie Wilson is listed as a defendant in Plaintiff's Amended Complaint [Doc. 9 at 3].  But the Amended Complaint contains no factual allegations against Defendant Wilson.  To state a claim against an individual, Plaintiff must adequately plead that the particular Defendant, through her own actions, has violated the Constitution.  *See Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  Because the Amended Complaint contains no factual allegations against Defendant Wilson, it fails to state a claim against her.  Accordingly, the Court **DISMISSES** any claims against Defendant Wilson.

#### B.     Plaintiff's Other Claims

This Court previously instructed Plaintiff "to identify whether he was a pretrial detainee or a convicted inmate at the time the relevant events occurred" [Doc. 8 at 8].  Plaintiff failed to do so.  But it appears that Plaintiff was a pretrial detainee in April 2023 because he initially sued the Campbell County Sheriff's Department and records show that he did not begin a term of incarceration at the Campbell County Jail until December 31, 2023. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/details.jsp (last accessed Mar. 28, 2025).  A pretrial detainee is covered by the Fourteenth Amendment.  *See Lawler as next friend of Lawler v. Hardeman Cnty., Tenn*., 93 F.4th 919, 926 (6th Cir. 2024).

1. **Failure to Protect**

Prison officials have a duty to protect inmates from violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). But to state a claim, "a defendant officer must act intentionally in a manner that puts the plaintiff at substantial risk of harm, without taking reasonable steps to abate that risk." *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 729 (6th Cir. 2022).

The Amended Complaint alleges that Defendants Bolton and Claiborne failed to protect Plaintiff from harm by failing to perform security checks on cell doors [Doc. 9 at 3-4]. But the Amended Complaint does not allege any facts that would permit the Court to infer that Defendant Bolton or Claiborne acted intentionally in failing to perform security checks. Even an inference of negligence fails to state a constitutional claim. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (finding "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process" (citation omitted)); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (holding constitutional protections are not triggered by "lack of due care"). Accordingly, the Court **DISMISSES** Plaintiff's failure-to-protect claim against Defendants Bolton and Claiborne.

2. **Inadequate Medical Care**

To state a claim for inadequate medical care, Plaintiff must show that (1) he "had a sufficiently serious medical need" and (2) the relevant defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *See Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted). Here, the Amended Complaint alleges that after Plaintiff was "beat[en] unconscious," he "repeatedly asked" Defendants Bolton, Claiborne,

4

Williams, and Stratman for medical treatment and was denied [Doc. 9 at 3-4]. Further, Plaintiff "nearly died and had to be life-starred 8 hours later" [*Id.*].

On this record, and viewing the facts and all reasonable inferences in the light most favorable to Plaintiff, the Court cannot say that this claim "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. §§ 1915(e)(2)(B). Therefore, Plaintiff's denial-of-medical-care claim against Defendants Bolton, Claiborne, Williams, and Stratman in their individual capacities may **PROCEED**. But because the Amended Complaint does not include any facts that would allow the Court to plausibly infer that these Defendants denied him medical care pursuant to a policy or custom of Campbell County itself, the Court **DISMISSES** any official-capacity claims against these Defendants. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable constitutional harms when that underlying violation resulted from "implementation of [its] official policies or established customs"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

### 3. Equal Protection

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. To adequately plead an equal protection claim, Plaintiff must allege that the government is intentionally treating him differently "as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *See Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). The Amended Complaint alleges that Plaintiff believes he was denied medical treatment "based on color, sex, or [n]ationality" [Doc. 9 at 4]. But the Amended Complaint contains no facts to support

5

that belief. Conclusory allegations based only on a subjective perception are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim); *see also Smith v. Gen. Motors, LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (holding that a complaint made "on information and belief" cannot rest on conclusory allegations alone, but rather, "must set forth a factual basis for such belief"). Accordingly, the Court **DISMISSES** Plaintiff's equal protection claim.

## IV.   CONCLUSION

For the reasons set forth above:

1. The Court permitted Plaintiff's inadequate medical care claim against Defendants Bolton, Claiborne, Williams, and Stratman in their individual capacities to **PROCEED**; and

2. The Court **DISMISSED** Plaintiff's remaining claims.

In addition, the Court:

3. **DIRECTS** the Clerk to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Bolton, Claiborne, Williams, and Stratman;

4. **ORDERS** Plaintiff to complete the service packets and return them to the Clerk's Office **within twenty-one (21) days of entry of this Order.** At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

5. **NOTIFIES** Plaintiff that if he fails to timely return the completed service packets, this action will be dismissed;

6. **ORDERS** the Remaining Defendants to answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If a Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default;

7. **ORDERS** Plaintiff to immediately inform the Court and Defendant, or his counsel of record, of any address change in writing. Under Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

6

**SO ORDERED.**

**ENTER:**  /s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge